IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IAN STEVENS | ) | CASE NO: |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| | ) | |
| COUNTY OF PERKINS, NEBRASKA | ) | |
| | ) | |
| Defendant | ) | |

The Plaintiff Ian Steven, by and through his attorney of record, state and allege as follows:

## JURISDICTION

1.    The Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. §1332 as the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00 and the action is between citizens of different states.

## PARTIES

2.    The Plaintiff is and has been a resident of the State of Kansas and he currently resides in Eudora, Kansas.

3.    The Defendant Perkins County is a county created and existing under the laws of the State of Nebraska.

## GENERAL ALLEGATIONS

4.    The Plaintiff and Defendant entered into a contract on June 2, 2016 and is attached to this Complaint and  is a true and accurate copy of the Gravel Pit Lease and is incorporated as Exhibit 1.

5.    The contract provided the County the right to remove "gravel/road material" from a designated portion of Plaintiffs property.

6.    In 2016 the Defendant began removing material first by stripping the top soil which was piled and stored on site for reclamation of the site as contemplated by paragraph 6 of the contract.

7.    The price of the gravel/road material was initially set at $1.25 for each yard removed.  The price was to be reviewed and reset every year by the County Board.

8.    On or about October 21, 2019 the County Board began paying other owners of gravel/road material at a rate higher than $1.25 per yard but failed and refused to pay Plaintiff for his material at the same higher rate.

9.    Top soil is a very valuable commodity distinct from and more valuable than gravel/road material on a per yard basis.

10.    Exhibit 1 does not permit the Defendant to remove anything other than gravel/road material from Plaintiff's property.  For years from the beginning of performance of the contract the top soil over burden stripped to reveal the underlying road material was properly piled and stored on site.

11.    On a date unknown to the Plaintiff, the Defendant did remove and transport the top soil, all without the knowledge and/or consent of Plaintiff.

## FIRST CAUSE OF ACTION

12.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 11 to the extent as if fully set forth herein.

13.    The Defendant breached Exhibit 1 by failing to properly and in accordance with the law of Nebraska review and set a new scheduled rate on every year as required by paragraph 5 of Exhibit 1.

14.    The defendants breached Exhibit 1 by paying other providers of gravel and other road materials more money on a per yard basis then they paid the Plaintiff.

15.    The Defendants breached Exhibit 1 by wrongfully removing top soil which is not a gravel/road material.

## REQUEST FOR RELIEF

WHEREFORE, on the foregoing basis, Plaintiff, Ian Stevens requests an accounting be conducted establishing:

a.    The total yards of road material removed by Defendant;

b.    The prices paid by the county to any supplier of gravel/road material during the performance of the contract in excess of the per yard price paid to the Plaintiff.

2

c.      The amount of topsoil removed from the property and;

d.      The fair market value of the topsoil.

FURTHER PLAINTIFF prays for an award of damages, including interest, caused by the Defendants, breaches of contract and all other damages and relief as allowed by law and supported by the facts.

IAN STEVENS, Plaintiff

BY:    Thomas M. White (#17452)
TOM WHITE LAW
3114 St. Mary's Avenue
Omaha, NE 68105
(402) 346-5700
twhite@tomwhite.law
ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY AND LOCATION OF TRIAL

The Plaintiff hereby demand a trial by jury and designate Omaha, Douglas County, Nebraska as the place of trial.

s/Thomas M. White

# GRAVEL PIT LEASE

# PERKINS COUNTY NEBRASKA

**THIS** Agreement made and entered into this _2af_ day of _June_ 20_16_, by and between Perkins County, Nebraska, hereinafter referred to as "County" and Ian Stevens, hereinafter referred to as "Owner".

**WHEREAS,** Owner is the owner of certain lands which are suitable for use by the County for the development of a material pit for road construction and maintenance supply; and

**WHEREAS,** the Owner and the County desire to make an agreement for the development and use of such land as a gravel pit for the County.

**NOW, THEREFORE, IN CONSIDERATION** of the rents to be paid and the use to be enjoyed, the parties mutually agree:

1. That Owner grant exclusive right to the County to develop and operate a road construction material pit on a site of approximately 10 acres located on the following described property: NE ¼ of 27-11-38W, in Perkins County, Nebraska

2. The right granted herein shall be exclusively belong to the County during the term of this agreement or any extension thereof. Owner may not sell or give material uncovered by the County to any other party. The Owner may remove material for the Owner's personal use.

3. Owner, or Owner's proxy _Ian or Jack Stevens_, will approve areas of material to be removed. The County will also coordinate with local NRCS so as not to disrupt Owner's government program suitability.

4. The primary term of this agreement shall be for a period of 10 years and thereafter from year to year until terminated by one or the other of the parties.

5. That during the term of this agreement, the County shall pay for each yard of material removed from the site the established rate for the purchase of gravel/road material as the same is set at the statutory meeting of the County each year. The rate on the date of the execution of this agreement is $1.25 per yard and such rate shall constitute a minimum rate during the term of this agreement. Claims for gravel/material are normally paid in December and June, but may be paid current anytime (at regular county board meetings) at the Owners request.

6. That in the event that the Owner shall for any reason terminate this agreement during the primary term of this agreement, the County shall be entitled to recover the remaining costs of the development of the site determined by amortizing the total costs of development over 10 years and remaining in the primary term- if over burden was saved for reclamation.


**EXHIBIT**
1

7.  The county may terminate this agreement at any time, but in such event shall not be entitled to recover the costs of development, and shall, at the Owners request, push in the sides of the pit so as not to have any sheer cliff remaining.

IN WITNESS THEREOF the parties have set their hands upon the date first above written.

_____
Commissioner

_____
Owner

STATE OF _Missouri_ ]

_Clay_ COUNTY ]

The foregoing instrument was acknowledged before me, a Notary Public, this 2nd day of _June_, 20_16_, by: _Peggy J. Jackson_

_____
Notary Public

Commission Expires: _12/12/17_

STATE OF NEBRASKA    ]

PERKINS COUNTY        ]

PEGGY J. JACKSON
My Commission Expires
December 12, 2017
Clay County
Commission #13399899

The foregoing instrument was acknowledged before me, a Notary Public, this _6_ day of _June_, 20_16_, by: _Bernard E. Deaver_

_____
Notary Public

Commission Expires: _9.24.17_

GENERAL NOTARY - State of Nebraska
Dee Ann Tatum
My Comm. Exp. Sept. 24, 2017