**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **IAN STEVENS;** | |
| **Plaintiff,** | **8:26CV205** |
| **vs.** | **ORDER** |
| **COUNTY OF PERKINS, NEBRASKA;** | |
| **Defendant.** | |

This matter is before the Court on Defendant Perkins County's Motion to Designate Place of Trial (Filing No. 8).  Defendant asks that the Court move the place of trial from Plaintiff's selected location in Omaha, Nebraska, to North Platte, Nebraska.  Plaintiff requests that the Court postpone ruling on the place of trial until the case has progressed.  (Filing No. 16).

Plaintiff, a resident of Kansas, filed this action against Perkins County for breach of contract arising out of the parties' Gravel Pit Lease.  Under the lease, Plaintiff permitted the County to remove "gravel/road material" from Plaintiff's property in Perkins County at an initial rate of $1.25 per yard, with the rate to be reviewed and reset annually by the County Board.  Plaintiff alleges the County breached the lease by wrongfully removing top soil, which is a more valuable commodity than gravel/road material, and by failing to adjust and set a new scheduled rate annually.  Plaintiff selected Omaha as the place of trial upon filing the Complaint.  (Filing No. 1). Defendant has filed a motion requesting North Platte as the place of trial.  (Filing No. 8).

This district's local rule regarding setting the place of trial provides, "The plaintiff at the time of filing a complaint in a civil action . . . must request trial in Omaha, Lincoln, or North Platte."  NECivR 40.1(b).  Plaintiff selected Omaha when filing this case.  (Filing No. 1). "Each defendant . . . at the time of filing that defendant's first pleading in a civil action . . . may file a written request for trial at Omaha, Lincoln, or North Platte.  A request for a place different from that requested by the plaintiff . . . must be filed as a motion." *Id.* (emphasis added).  In deciding the place of trial when there are conflicting requests, "a judge considers the convenience of the parties, lawyers, witnesses, other related matters, and the interests of justice." NECivR. 40.1(b)(1). The party seeking to change the place of trial bears the burden of establishing that the place of trial should be moved. *Withers v. Ryder Truck Rental, Inc.*, No. 7:20CV5001, 2020 WL 2542576, at *1 (D. Neb. May 19, 2020).  The place of trial should not be disturbed "unless the movant makes

a clear showing that the balance of interests weighs in favor of the movant." *Pals v. Weekly*, No. 8:17CV27, 2017 WL 1906609, at *1 (D. Neb. May 8, 2017). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Id.*

Defendant requests the Court change the designation of the place of trial to North Platte because it is closer to the events and actions alleged in Plaintiff's Complaint. The lease at issue was signed in Perkins County by Perkins County officials, and the property to which the lease applied is located in Perkins County. (Filing No. 10 at p. 2). Defendant also asserts North Platte is more convenient for known and potential fact witnesses, and that the case has no connection to Omaha other than Plaintiff's counsel's location. (*Id.* at p. 3). Defendant in the alternative asks this Court to deny the Motion without prejudice subject to reassertion if the Court determines the balance of factors set forth in NECivR 40.1(b)(1) cannot be fully and appropriately weighed until after further case progression. (*Id.* at p. 4).

After review, the Court finds it is premature to change the place of trial to North Platte from Plaintiff's requested location in Omaha.[1] Defendant has filed a motion to dismiss Plaintiff's Complaint in its entirety, which would render the trial setting issue moot if granted. (Filing No. 11). As such, Defendant has not filed an answer, the parties have not had to serve mandatory initial disclosures, no discovery has taken place, and the case is still in the earliest stages. While the allegations in the Complaint make it more likely that North Platte will be more convenient for potential fact witnesses, at this time the Court finds it more prudent to defer finalizing the place of trial until after the case progresses, written discovery commences, and witnesses are actually identified. Accordingly,

**IT IS ORDERED**: Defendant Perkins County's Motion to Designate Place of Trial (Filing No. 8) is denied without prejudice to reassertion after further case progression.

---

[1] The Court recognizes this district's local rules required Defendant to file its request for a different place of trial as a motion at the same time it files a responsive pleading. See NECivR. 40.1(b) ("Each defendant . . . at the time of filing that defendant's first pleading in a civil action . . . may file a written request for trial at Omaha, Lincoln, or North Platte. A request for a place different from that requested by the plaintiff . . . must be filed as a motion."). However, this Court has also recognized that the balance of factors set forth in NECivR. 40.1(b)(1) often cannot be fully and appropriately weighed until after further case progression. See, e.g., *Addison Insurance Company v. The Pink Palace, LLC, et al.,* Case No. 8:17cv371 at ECF Filing No. 17 (D. Neb. September 21, 2016) (denying as premature defendant's motion filed the same date as the answer); *Eckhardt v. Five Star Quality Care-NE, LLC*, Case. No. 8:16cv533 at ECF Filing No. 10 (D. Neb. December 22, 2016) (denying as premature motion filed 14-days after removal); *Doe v. Schools District No. 32 et al.*, Case No. 4:17cv5010 at ECF Filing No. 17 (D. Neb. December 26, 2017) (denying motion "without prejudice to reassertion following the completion of some discovery").

Dated this 14th day of July, 2026.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge