IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IAN STEVENS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF PERKINS, NEBRASKA,<br><br>Defendant. | **8:26-CV-205**<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

This case involves allegations of breach of a lease agreement for exclusive rights for the removal of gravel/road material by the County of Perkins, Nebraska (the County), from the property of Ian Stevens (Stevens). Filing 1. It is now before the Court on the County's Motion to Dismiss Plaintiff's Complaint. Filing 11. For the reasons stated below, the Court grants the County's Motion to Dismiss without prejudice.

## I. INTRODUCTION

### A. Factual Background

On a Rule 12(b)(6) motion to dismiss for failure to state a claim and a Rule 12(b)(1) "facial" challenge to subject-matter jurisdiction, which requires application of Rule 12(b)(6) "safeguards," the factual background is drawn from allegations in the Complaint taken as true. *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (explaining that, in a Rule 12(b)(6) motion, a court must accept facts alleged in the complaint as true). Thus, the following summary is drawn from the Complaint supplemented by filings on the Motion to Dismiss.

Stevens is a resident of the State of Kansas. Filing 1 at 1 (¶ 2). Perkins County is a county that was created and exists under the laws of the State of Nebraska. Filing 1 at 1 (¶ 3). On June 2, 2016, the parties entered into a contract that provided the County with the right to remove "gravel/road material" from a designated portion of Stevens's property. Filing 1 at 1 (¶ 5), 4–5. In

order to access the "gravel/road material," the County contracted to remove the topsoil and store it onsite for replacement. Filing 1 at 1 (¶ 6). Stevens alleges that "[o]n a date unknown to Plaintiff, the County removed and transported the topsoil, all without the knowledge and/or consent of Plaintiff." Filing 1 at 2 (¶ 11). Additionally, the parties initially agreed to a price of $1.25 per yard of "gravel/road material" removed. Filing 1 at 2 (¶ 7). "The price was to be reviewed and reset every year by the County Board." Filing 1 at 2 (¶ 7). Stevens alleges "[o]n or about October 21, 2019, the County Board began paying other owners of gravel/road material at a rate higher than $1.25 per yard" but did not increase Stevens's rate which resulted in breach of contract. Filing 1 at 2 (¶¶ 8, 13–14); Filing 15-4 at 2.

On December 1, 2025, Stevens appeared for "Public Comment" before the County Board according to agenda records to "Discuss County Roads, Road Materials, Rates for Materials." Filing 15-1. According to the "Commissioner Proceedings," "Commissioners introduced [Stevens] to Highway Superintendent Leimer to further discuss [Stevens's] concerns and identify solutions." Filing 15-2 at 3.

On January 16, 2026, Stevens emailed the County's Board of Commissioners. Filing 15-4 at 1–2. In the email, Stevens stated that he "received [the check] in the mail from Perkins County for the . . . material[s] that Perkins County removed from July of 2025 thru December of 2025" and that "the check invoice was paid at an old rate of $1.25/yard." Filing 15-4 at 1. One of the County Commissioners responded the same day with the following:

> I have forwarded this email on to our county attorney and he is looking into the matter. We will get back to you as soon as he has had time to understand the situation and advise us on how we can proceed. Thank you for clarifying with more information.

Filing 15-4 at 1. Neither party provided the Court with evidence of communications following The County's email response on January 16, 2026.

### B. Procedural Background

On May 6, 2026, Stevens filed the Complaint against the County. Filing 1. The Complaint alleges breach of contract regarding the negotiation of the rate and wrongful removal of the topsoil. Filing 1 at 2 (¶¶ 12–15). On July 2, 2026, The County filed the Motion to Dismiss now before the Court. Filing 11. Both parties filed relevant briefs on the Motion to Dismiss. Filing 14; Filing 18; Filing 21; Filing 21; Filing 25.

## II. LEGAL ANALYSIS

If the Court does not have subject-matter jurisdiction over Stevens's claims, then the Court need not determine whether Stevens has failed to state a claim. *See Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002) ("Subject matter jurisdiction is a threshold matter that [courts] are obligated to address at the outset." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998))). Thus, the Court begins its legal analysis by evaluating whether it has subject-matter jurisdiction and finding that issue dispositive does not reach the County's alternative arguments for dismissal.

### A. The Parties' Arguments

The County asserts a facial challenge to the Court's subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because "[Stevens] failed to comply with the mandatory condition precedent to suit established by [Neb. Rev. Stat. § 23-135]." Filing 13 at 8, 8–13. The County specifies that Stevens failed to allege that he "filed a written claim with the Perkins County Clerk within 90 days." Filing 13 at 8. The County further contends that Nebraska caselaw consistently requires a contract claimant to comply with § 23-135 before filing suit against a county. Filing 13 at 9–10 (citing *Zeller Sand & Gravel v. Butler County*, 388 N.W.2d 62 (Neb. 1986); *Jackson v. County of Douglas*, 388 N.W.2d 64 (Neb. 1986); and *Consol. Chem. Laboratories v. Cass County*, 3 N.W.2d 920 (Neb. 1942)). Because Stevens's claims arise from factual disputes regarding the contract's performance, the County argues that § 23-135 bars

Stevens's contract claims for failure to comply with the filing requirement. Filing 13 at 9. Therefore, the County asserts that "the County retains sovereign immunity for this claim" and asks this Court to "dismiss the Complaint with prejudice." Filing 13 at 11.

In response, Stevens argues that "no language anywhere in [Neb. Rev. Stat. § 23-135] . . . requires the complaint to be in writing." Filing 14 at 1 (emphasis omitted). Stevens further argues that "bringing [the claim] to the attention of the County Clerk" satisfied the filing requirement contained in § 23-135. Filing 14 at 2. Stevens supports his compliance with § 23-135 by providing multiple exhibits of his appearance at the County Commissioners' meeting and emails with the County Board. Filing 14 at 3 (citing Filing 15-1; Filing 15-2; Filing 15-4; Filing 15-6). Therefore, Stevens requests that "this Court deny [the Motion to Dismiss] because Stevens's Complaint can, if it does not already, allege facts which demonstrate entitlement to relief prescribed by law." Filing 14 at 1.

**B. Relevant Legal Standards**

*1. Standards for Subject-Matter Jurisdiction*

The County's Motion to Dismiss challenges the Court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and Stevens's pleadings under Rule 12(b)(6). Filing 13. However, the Court finds independent grounds from those argued by the County that demonstrate the Court's lack of subject-matter jurisdiction over this case. *Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). Therefore, the following analysis arises under Rule 12(h)(3). Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[F]ederal courts may not entertain a private person's suit against a state" because of the Eleventh Amendment's grant of sovereign immunity to States. *Va. Off. for Prot. & Advocacy v.*

*Stewart*, 563 U.S. 247 (2011) (citing U.S. Const. amend. XI). "For purposes of applying the doctrine of sovereign immunity, a suit against [a county] is the same as a suit against the state." *Hoiengs v. County of Adams*, 516 N.W.2d 223, 233 (8th Cir. 1994). "Where [a state] has not waived sovereign immunity . . . the district court lacks subject matter jurisdiction to hear the case." *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011) (citing *Green Acres Enters. v. United States*, 418 F.3d 852, 857 (8th Cir. 2005); and *Dykstra v. United States*, 140 F.3d 791, 795 (8th Cir. 1998)); *Cunningham v. Kahler*, 171 F.4th 1115, 1118 (8th Cir. 2026) ("If sovereign immunity applies, it deprives [the Court] of subject-matter jurisdiction.").

*2. Sovereign Immunity and Nebraska Revised Statute § 23-135*

Nebraska's legislature enacted a limited waiver of sovereign immunity for political subdivisions—such as counties—under a contract claims statute. *See* Neb. Rev. Stat. § 23-135; *Hoiengs*, 516 N.W.2d at 233–24 (discussing that for the proposition that sovereign immunity is extended to a county as "a political subdivision of the state"); *see also Franek v. Butler County*, 257 N.W. 235 (Neb. 1934). "Nebraska Revised Statute § 23-135 provides the exclusive procedure for contract claims against counties." *Merrell v. Douglas County*, No. 8:11CV74, 2011 WL 3240446, at *2 (D. Neb. July 28, 2011) (citing *Hoiengs*, 516 N.W.2d at 236); *Jackson*, 388 N.W.2d at 66 (holding that Neb. Rev. Stat. § 23-135 applies to all claims arising out of a contract). It applies to "claims originating in contract, express or implied, between the claimant and the county." *County of Lancaster v. County of Custer*, 985 N.W.2d 612, 621 (Neb. 2023) (quoting *County of Douglas v. Taylor*, 70 N.W. 27, 30 (Neb. 1897)).

The Nebraska Supreme Court has unequivocally stated: "Compliance with the county claims statute is mandatory, and the county board has exclusive original jurisdiction, in cases against the county involving claims arising out of contract and containing quasi-judicial questions of fact." *County of Lancaster*, 985 N.W.2d at 621 (citing *Jackson*, 388 N.W.2d at 66). Additionally,

"Nebraska courts have long followed the rule that statutes purporting to waive the protection of sovereign immunity are to be strictly construed in favor of the sovereign and against waiver." *Edwards v. Douglas County*, 953 N.W.2d 744, 750–51, 751 n.22 (Neb. 2021) (collecting cases); *see In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005) ("Waivers of immunity must be construed strictly in favor of the sovereign . . . ." (quoting *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992))).

Section 23-135 specifies the procedures comprising Nebraska's limited waiver of sovereign immunity. *See* Neb. Rev. Stat. § 23-135. It provides that "[a]ll claims against a county shall be filed with the county clerk within ninety days from the time when any materials or labor, which form the basis of the claims, have been furnished or performed. . . ." Neb. Rev. Stat. § 23-135(1). The filing requirement "provides the county with full information of the rights asserted against it, and enables [the county] to make proper investigation concerning the merits of claims against it and to settle those of merit without the expense of litigation." *Zeller Sand & Gravel*, 388 N.W.2d at 63. "When the claim of any person against the county is disallowed in whole or in part by the county board, such person may appeal from the decision of the board to the district court of such county . . . ." Neb. Rev. Stat. § 23-135(4).

### C. The Court Dismisses Stevens's Complaint for Lack of Subject-Matter Jurisdiction

#### 1. *The Court Lacks Subject-Matter Jurisdiction Because the County Retains Its Sovereign Immunity*

The Court finds that it lacks subject-matter jurisdiction over this case because the County retains its sovereign immunity. *Hart*, 630 F.3d at 1088; *see Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306–07 ("A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts . . . ." (citing *Fla. Dep't of Health and Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (per curiam))). Section 23-135

provides specific procedures that must be complied with to properly waive a county's sovereign immunity. *County of Lancaster*, 985 N.W.2d at 621. While the County rests its argument of sovereign immunity on the filing requirement contained in § 23-135(1), *see* Filing 13 at 8, the Court determines that the dispositive issue is the forum requirement contained in § 23-135(4).[1] *Contrast* Neb. Rev. Stat. § 23-135(1), *with* Neb. Rev. Stat. § 23-135(4). Therefore, the Court invokes its "independent obligation to determine whether subject matter jurisdiction exists" pursuant to Federal Rule of Civil Procedure 12(h)(3). *Sac & Fox Tribe*, 439 F.3d at 836; Fed. R. Civ. P. 12(h)(3).

"Absent a waiver of state sovereign immunity or valid abrogation of sovereign immunity by Congress, federal courts may not entertain a private party's suit against a State." *EEE Minerals, LLC v. State of North Dakota*, 81 F.4th 809, 815 (8th Cir. 2023). Accordingly, Nebraska may waive its sovereign immunity and consent to suit in its own courts without also consenting to suit in federal court. *See Feeney*, 495 U.S. at 306 ("A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts . . . ." (citing *Fla. Dep't of Health and Rehab. Servs.*, 450 U.S. at 150)); *see also eScholar LLC v. Neb. Dep't of Educ.*, 497 F. Supp. 3d 414, 423 (D. Neb. 2020).

The Court finds that in order for the County's sovereign immunity to be waived, a suit seeking judicial review needs to originate in the proper forum provided for by statute. *See County*

---

[1] The Court is not persuaded by Defendant's assertion of sovereign immunity on the grounds that Stevens failed to file a claim with the county clerk pursuant to § 23-135(1). The Court notes that Stevens provided evidence that the Defendant's County Clerk was made aware of Stevens's complaint against the Defendant for deficient payments and conduct. Filing 15-1; Filing 15-2; Filing 15-4. The County Clerk included Stevens on the agenda for the Board of Commissioners' meeting in December 2025. Filing 15-1. The County Clerk also attended the meeting and took notes on Stevens's discussion during Public Comment. Filing 15-2 at 1–3. Additionally, the Defendant copied the County Clerk on the email exchange notifying the County Commissioner of the allegedly deficient payment amount for materials removed from July of 2025 through December of 2025. Filing 15-4. Under these circumstances, the Court would be hesitant to find that Stevens failed to effectively file a claim with the county clerk in accordance with Nebraska statute.

*of Lancaster*, 985 N.W.2d at 621 ("Compliance with the county claims statute is mandatory . . . ."). Section 23-135(4) explicitly provides a state forum in which a claimant may appeal a county board's decision regarding their contract claim. Neb. Rev. Stat. § 23-135(4). Not only must Stevens have filed a claim with the county clerk, but also judicial review by the "district court for such county" can only follow the county board's decision. Neb. Rev. Stat. § 23-135(1), (4). Here, Stevens filed the case with this Court pursuant to diversity jurisdiction without first proceeding through the forum that "has exclusive original jurisdiction." *County of Lancaster*, 985 N.W.2d at 621.

*2. Dismissal with Prejudice Is Not Necessary*

The County requests that the Court dismiss this case with prejudice because "[l]eave to amend Stevens's complaint would be futile and should be denied . . . ." Filing 13 at 15; *see* Fed. R. Civ. P. 15(a). The Court recognizes that ordinarily dismissal with prejudice is appropriate if amending the complaint would be futile. *See Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009). Here, Stevens cannot cure the deficiencies in his complaint because the Court has already established that it lacks subject-matter jurisdiction due to the forum provision in § 23-135(4). *See* Section II.C.1; Fed. R. Civ. P. 12(h)(3). However, this Court does not intend to foreclose Stevens's opportunity to pursue his claim in the forum with subject-matter jurisdiction and according to the correct procedures. *See* Neb. Rev. Stat. § 23-135. Under these circumstances, because whether to dismiss with or without prejudice falls within the Court's discretion, *see Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012), the Court determines that dismissal without prejudice is appropriate. *See* Fed. R. Civ. P. 12(h)(3).

*3. Summary*

The Court concludes that it lacks subject-matter jurisdiction over this case. Fed. R. Civ. P. 12(h)(3). The County retains its sovereign immunity against the suit by Stevens because Stevens

did not comply with the forum requirement provided by statute. *County of Lancaster*, 985 N.W.2d at 621; *see* Neb. Rev. Stat. § 23-135(4); *Edwards*, 953 N.W.2d at 750–51 ("Nebraska courts have long followed the rule that statutes purporting to waive the protection of sovereign immunity are to be strictly construed in favor of the sovereign and against waiver."). Therefore, the Court concludes that this case should be dismissed without prejudice. Fed. R. Civ. P. 12(h)(3); *Orr*, 688 F.3d at 465.

**III. CONCLUSION**

Upon the foregoing,

IT IS ORDERED that Defendant's Motion to Dismiss the Plaintiff's Complaint, Filing 13, is granted, and this case is dismissed without prejudice to reassertion in a forum with subject-matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall close the case.

Dated this 7th day of October, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge